UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RONALD B. GREENE,

          Petitioner,

v.

ROBERT CHETIRKIN, et al.,

          Respondent.

Civil Action No. 22-150 (SDW)

MEMORANDUM ORDER

This matter comes before the Court upon Petitioner Ronald B. Greene's *pro se* Motion for Reconsideration under Rule 54(b) (ECF No. 11), which this Court liberally construes[1] as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), and Petitioner's Motion for Leave to Appeal. (ECF No. 12).

## I. PROCEDURAL HISTORY

On or about January 12, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the habeas petition"), challenging his April 21, 2014 state court conviction and sentence, imposed by the Superior Court of New Jersey, Law Division, Bergen County. (ECF No. 1). Respondent filed an answer to the habeas petition on or about July 28, 2022. (ECF No. 4, 6). Petitioner did not file a reply brief. The case was ready for disposition by the Court.

On February 21, 2023, the Clerk of Court issued a Notice of Call for Dismissal Pursuant to Local Civil Rule 41.1(a), because the parties had not taken any action in this case for 90 days.

---

[1] Federal courts may ignore a legal label attached to a motion by a *pro se* litigant and recharacterize a motion "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis[.]" *Castro v. United States*, 540 U.S. 375, 381–82, (2003).

The issue of dismissal for failure to prosecute was to be resolved by this Court on March 7, 2023, or as soon thereafter as possible. (ECF No. 7). The Notice of Call for Dismissal instructed the parties that absent a showing of good cause for their failure to prosecute, this Court would dismiss this matter.

Dismissal for failure to prosecute was not warranted. Respondent filed an answer to the habeas petition on July 28, 2022. (ECF No. 4). Petitioner was permitted, but not required, to file a reply brief within 45 days. SECT 2254 Rule 5(e). On March 8, 2023, this Court entered an opinion and order vacating the Notice of Call for Dismissal, and denying the habeas petition *on the merits*. (ECF Nos. 8, 9). In other words, this Court did not dismiss for failure to prosecute, but denied the habeas petition after determining, based on the habeas petition and Respondent's answer, that Petitioner was not entitled to habeas relief. On March 9, 2023, this Court received Petitioner's response to the Notice of Call for Dismissal, where Petitioner asserted that he had presented sufficient evidence for this Court to grant his habeas petition, but Respondent had failed to respond to his allegations within 90 days. (ECF No. 10). This Court notes that Respondent served a copy of the answer on Petitioner by mail on July 29, 2022. (ECF No. 6.) Therefore, Respondent did not fail to timely respond to the habeas petition. (ECF No. 6). Petitioner's letter in response to the Notice of Call for Dismissal crossed in the mail with this Court's opinion and order vacating the Notice of Call for Dismissal, and denying his habeas petition on the merits.

**II.   DISCUSSION**

Petitioner filed his motion for reconsideration under Rule 54(b)[2] on March 24, 2023. (ECF No. 11). Petitioner's intent is not entirely clear, but this Court believes Petitioner is seeking reconsideration of the denial of his habeas petition on the merits, which is properly brought under

---

[2] Federal Rule of Civil Procedure 54(b), which governs when a court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties, is inapplicable here.

Federal Rule of Civil Procedure 59(e), and delays the time in which a notice of appeal must be filed. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n. 10 (1984) (internal quotation marks and alterations omitted in *Banister*) ("The filing of a Rule 59(e) motion within the 28-day period "suspends the finality of the original judgment" for purposes of an appeal.))  In his motion for reconsideration, Petitioner stated, in relevant part:

> 3.  On or about March 3, 2023 by the time plaintiff did attend law library service, this case was dismissed.
>
> 4.  Plaintiff call the Clerk of Court [] inform hi[m] to disregard docket #7 and he did not have to respond under Local Civil Rule 41.1(a).
>
> 5.  On or about March 20, 2023 ask for this Court to grant plaintiff[']s motion for reconsideration allowing him to file an affidavit why this complaint should not be dismissed with a new set of facts.

(ECF No. 11 at 2).  Plaintiff did not file an affidavit or describe the new set of facts that he wished this Court to consider.  On April 4, 2023, Petitioner filed a motion for leave to appeal.  (ECF No. 12).  In his motion for leave to appeal, Petitioner stated, in pertinent part:

> 3.  On or about March 22, 2023, plaintiff is asking this Court to allow him to appeal the decision pertaining to Dkt. # Local Rule 41.1([a]) with [an] affidavit with a new set of facts.
>
> 4.  Defendants have deprive[d] plaintiff [of] his due process rights with evidence of covers [sic] ups and fabrications that will be presented to this Court in good faith.

(ECF No. 12 at 2).

"[A] Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal." *Banister*, 140 S. Ct. at 1710.  The scope of a Rule 59(e) motion is narrow, as explained by the Third Circuit Court of Appeals:

> The scope of a motion for reconsideration, we have held, is

3

> extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir.2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [] judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted) (emphasis added). We have made clear that " 'new evidence,' for reconsideration purposes, does not refer to evidence that a party ... submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* at 252. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).

*Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011).

The Court will give Petitioner the opportunity to submit new evidence that was not previously available to him when the Court entered judgment on the merits of his habeas petition in March 2023. (*See*, Opinion, ECF No. 8). If Petitioner does not have newly discovered evidence in support of his Rule 59(e) motion for reconsideration, Petitioner may choose to withdraw that motion, and proceed with his motion to appeal.

**IT IS** therefore on this 28th day of September, 2023

**ORDERED** that Petitioner shall, within 14 days of the date of entry of this Order, either (1) submit the newly discovered evidence in support of his Rule 59(e) motion for reconsideration (ECF No. 11) of this Court's opinion denying his habeas petition on the merits; or (2) withdraw the motion for reconsideration in writing and request that the Court proceed with Petitioner's motion for leave to appeal (ECF No. 12); and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

_____
Hon. Susan D. Wigenton,
United States District Judge