UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD B. GREENE, | : |
| Petitioner, | : Civil Action No. 22-150 (SDW) |
| v. | : MEMORANDUM OPINION |
| ROBERT CHETIRKIN, et al., | : |
| Respondent. | : |

This matter comes before the Court upon the following *pro se* motions by Petitioner Ronald B. Greene:  1) motion for reconsideration under Rule 54(b) (ECF No. 11), which this Court liberally construes[1] as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e);  2) motion for leave to appeal (ECF No. 12); and 3) motion for newly discovered evidence and reconsideration.  (ECF No. 16.)

1. On or about January 12, 2022, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the habeas petition"), challenging his April 21, 2014 state court conviction and sentence, imposed by the Superior Court of New Jersey, Law Division, Bergen County.  (ECF No. 2. On or about July 28, 2022, Respondent filed an answer to the habeas petition  (ECF No. 4, 6).  Petitioner did not file a reply brief.  The case was ready for disposition by the Court.

2. On February 21, 2023, the Clerk of Court issued a Notice of Call for Dismissal Pursuant

---

[1] Federal courts may ignore a legal label attached to a motion by a *pro se* litigant and recharacterize a motion "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis[.]"  *Castro v. United States*, 540 U.S. 375, 381–82, (2003).

to Local Civil Rule 41.1(a), because the parties had not taken any action in this case for 90 days. The issue of dismissal for failure to prosecute was to be resolved by this Court on March 7, 2023, or as soon thereafter as possible. (ECF No. 7). The Notice of Call for Dismissal instructed the parties that absent a showing of good cause for their failure to prosecute, this Court would dismiss this matter. Dismissal for failure to prosecute was not warranted. Respondent filed an answer to the habeas petition on July 28, 2022. (ECF No. 4). Petitioner was permitted, but not required, to file a reply brief within 45 days. SECT 2254 Rule 5(e). On March 8, 2023, this Court entered an opinion and order vacating the Notice of Call for Dismissal, and denying the habeas petition *on the merits*. (ECF Nos. 8, 9).

3. On March 9, 2023, this Court received Petitioner's response to the Notice of Call for Dismissal, where Petitioner asserted that he had presented sufficient evidence for this Court to grant his habeas petition, but Respondent had failed to respond to his allegations within 90 days. (ECF No. 10). This Court notes that Respondent timely responded to the petition by serving a copy of the answer on Petitioner by mail on July 29, 2022. (ECF No. 6.) Petitioner's letter in response to the Notice of Call for Dismissal crossed in the mail with this Court's opinion and order vacating the Notice of Call for Dismissal, and denying his habeas petition on the merits.

4. On March 24, 2023, Petitioner filed a motion for reconsideration under Rule 54(b),[2] which this Court construes as a motion for reconsideration under Rule 59(e). The motion for reconsideration delays the time in which a notice of appeal must be filed. *Banister v.*

---

[2] Federal Rule of Civil Procedure 54(b), which governs when a court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties, is inapplicable here.

*Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n. 10 (1984) (internal quotation marks and alterations omitted in *Banister*) ("The filing of a Rule 59(e) motion within the 28-day period "suspends the finality of the original judgment" for purposes of an appeal.))  Petitioner purports to rely on new evidence for his motion for reconsideration, but he did not file an affidavit or describe the new set of facts that he wished this Court to consider.

5. On April 4, 2023, Petitioner filed a motion for leave to appeal. (ECF No. 12). In his motion for leave to appeal, Petitioner stated, in pertinent part:

> On or about March 22, 2023, plaintiff is asking this Court to allow him to appeal the decision pertaining to Dkt. # Local Rule 41.1([a]) with [an] affidavit with a new set of facts.
>
> Defendants have deprive[d] plaintiff [of] his due process rights with evidence of covers [sic] ups and fabrications that will be presented to this Court in good faith.

(ECF No. 12 at 2).

6. By Order dated September 28, 2023 (ECF No. 13), this Court explained to Petitioner:

> [A] Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal." *Banister*, 140 S. Ct. at 1710.  The scope of a Rule 59(e) motion is narrow, as explained by the Third Circuit Court of Appeals:
>
>> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir.2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one

3

> of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted [] judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted) (emphasis added). We have made clear that " 'new evidence,' for reconsideration purposes, does not refer to evidence that a party ... submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* at 252. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).

*Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011).

Therefore, this Court gave Petitioner the opportunity to submit new evidence that was not previously available to him when this Court entered judgment on the merits of his habeas petition on March 2023 or alternatively, to withdraw this motion for reconsideration, and proceed with his motion for leave to appeal. (ECF Nos. 13, 15.)

7. On October 23, 2023, Petitioner submitted a motion for reconsideration, based on newly discovered evidence. (ECF No. 16.) The newly discovered evidence Petitioner submitted consists of letters Petitioner wrote to his trial and appellate counsel about issues he wanted them to raise in his defense, and complaints he wrote about his attorneys when they did not conduct his defense in the manner he desired. (ECF Nos. 16-3, 16-4.) This is not new evidence that was previously unavailable to Petitioner at the time this Court denied his § 2254 habeas petition. Therefore, Petitioner's motions for

4

reconsideration (ECF Nos. 11, 16) are denied.  This Court will not issue a certificate of appealability under 28 U.S.C. § 2253(c) because jurists of reason could not debate denial of the habeas petition or that the issues presented should be encouraged to proceed on appeal.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (explaining standard for issuance of certificate of appealability).

8. Petitioner's motion for leave to appeal will be granted, and Petitioner may file his notice of appeal as provided under Federal Rule of Appellate Procedure 3.  (ECF No. 12.)

An appropriate Order follows.

DATED: __November 2__, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge